## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

**(609) 989-2040**

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U . S .    C O U R T H O U S E

402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

November 29, 2006

## LETTER OPINION

Re:   **STASICKY v. SOUTH WOODS STATE PRISON, et al.,
Civil Action No. 03-369 (FLW)**

Dear Mr. Stasicky and Counsel,

This matter comes before the Court upon a Motion for Reconsideration [Docket Entry No. 119] of the Court's August 17, 2006 Order granting Defendants' Motion to Seal [Docket Entry No. 116] (hereinafter "August 17, 2006 Order"), by Defendant Dr. Robert Thompson (hereinafter "Thompson"). For the reasons set forth below, the motion will be DENIED.

*Pro-se* Plaintiff, John T. Stasicky, instituted the instant suit on August 18, 2003, against South Woods State Prison, Correctional Behavioral Solutions, SID (Internal Affairs) and Thompson. Plaintiff's allegations stem from an alleged incident that occurred in late January 2001 while he was confined at South Woods State Prison. Plaintiff began hearing rumors that he would likely be moved to another housing unit within the facility, which upset him and he began suffering panic attacks. On January 25, 2001, the move was confirmed and Plaintiff became increasingly upset and was placed on close watch in the Emergency Care Unit. Plaintiff then alleges that while in the Emergency Care Unit he was assaulted by unknown officers. Plaintiff alleges injuries including "mental anguish, fear, causing nervous breakdown, bruising, assault and battery, sexual

assault, severe mental and physical pain, trauma, bleeding from the anus, fear, nightmares, anxiety, stress, panic, sleeplessness, fear." (Defendant's Motion for Reconsideration Ex. A). Thompson's visits with Plaintiff, as well as treatment rendered by other defendants and staff members have been recorded in Plaintiff's mental health records, which are maintained at South Woods State Prison.

Because the crux of Plaintiff's allegations center on the mental health treatment he received, Plaintiff's entire medical and mental health record were released to Defendants during the course of discovery. (See Order of February 6, 2006 [Docket Entry No. 78]). A protective order was drafted and signed by counsel and the court on March 10, 2006 [Docket Entry No. 94], stating that plaintiff, "John Stasicky, shall NOT be permitted to review, inspect, copy, or have a copy of [his psychological or mental health records]." (See Order of March 10, 2006 at ¶ 4). Plaintiff did not sign this protective order.

Discovery was completed and Defendants subsequently filed motions for summary judgment on August 16, 2006. Thompson's exhibits to his motion for summary judgment included portions of Plaintiff's mental health records (hereinafter "Exhibits"). "Based on the Consent Protective Order the brief sent to Mr. Stasicky did not include the exhibit containing the mental health records." (Brief in Support of Defendant's Motion for Reconsideration at 5).

On June 20, 2006, in connection with the anticipated filing of summary judgment motions, Thompson filed a Motion to Seal the Exhibits pursuant to L.Civ.R. 5.3(c). On August 17, 2006, the Court issued an Order granting Defendant's motion to seal the exhibits from public access and noted that a complete copy of all Exhibits were to be supplied to Plaintiff. Thompson now moves to reconsider the portion of the August 17, 2006 Order requiring that Plaintiff be provided with a complete copy of all Exhibits.

The standard for reconsideration itself is high and reconsideration is to be granted only sparingly.  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  In the District of New Jersey, motions for reconsideration are governed by L.Civ.R. 7.1(i).  The movant has the burden of demonstrating that there has been "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citation omitted).  Reconsideration is to be granted only if the Court has overlooked certain factual matters or controlling decisions of law that may have resulted in a different decision.  L.Civ.R. 7.1(i).  See also United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999).  Moreover, reconsideration is an extraordinary remedy to be granted sparingly and is not appropriate where the motion only raises a party's disagreement with the original decision.  P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001).  See also Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612-613 (D.N.J. 2001).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J.1998) (citation omitted).

Thompson asserts that the Court should reconsider the portion of its August 17, 2006 Order requiring the Plaintiff be provided with copies of all Exhibits.  L.Civ.R. 5.3 was adopted to govern all requests by a party to seal or otherwise restrict public access to materials filed with or used by the Court and judicial proceedings themselves.  See Lite, N.J. Federal Practice Rules, Comment 1 to L.Civ.R. 5.3 (Gann)(emphasis added).  In fact, prior to restricting access, a court must determine the nature of the materials at issue, the legitimate private or public interest which warrants sealing,

3

the clearly defined and serious injury that would result if the materials were not sealed, and why any less restrictive alternative to sealing is not available.  L.Civ.R. 5.3(c)(5). <u>See also</u> <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 (3d Cir. 1994).  However, the rule governs "any request by a party to seal or otherwise restrict <u>public access</u> to, any materials filed with the Court or utilized in connection with judicial decision-making."  L.Civ.R.  5.3(a)(1) (emphasis added). The scope of the rule specifically governs a litigants' necessity to seal materials from the public, not from an adverse party[1].  In fact, there is no Federal or Local Civil Rule that addresses sealing or restricting access to motion papers or materials from a *pro-se* litigant. <u>Cf.</u> Fed.R.Civ.P. 5(a) (stating that "every written motion other than one which may be heard ex parte ... shall be served upon each of the parties").

Thompson's motion for reconsideration does not challenge the Court's determination of sealing the Exhibits from public access, rather, it specifically questions the Court's instruction to provide Plaintiff with copies of the Exhibits.  The Court finds that the plain language of Local Rule 5.3 states that its procedure can only be used to seal documents from public access.  The Court also finds that the Federal and Local Rules mandate that all motion papers be served on all parties.  Therefore, Defendant has not illustrated a manifest error of law that would warrant granting reconsideration.

Thompson also asserts that the Court overlooked N.J.A.C. 10A:22-2.2(f) and (g), which prevents the release of medical records to an inmate.  N.J.A.C. 10A:22-2.7 is titled "Availability of medical record summaries to inmates."  Subsection (f) clearly states that "copies of

_____

[1]  The Court recognizes that litigants often enter into protective orders that stipulate that highly confidential documents can be designated "attorneys eyes only" or a variety of other restrictions.  However, given that Plaintiff is proceeding *pro-se*, the legal justification for that designation is not applicable here.

mental health records shall not be provided to inmates." N.J.A.C 22-2.7(f).  The Attorney General's Office of New Jersey outlined the rationale behind this policy in a certification previously provided to the Court:

> State prisoners are not permitted to view their psychological records because in the past, there have been incidents of violence against health care providers when inmates disagreed with certain comments in their psychiatric records.   The records are therefore kept confidential from the inmate to prevent such violent outbursts and to protect the safety and security of the correctional institution.

Affidavit of Deputy Attorney General Keith S. Massey Jr. at ¶ 4 [Docket Entry no. 95].  Defendants assert that the authority for control over these documents is provided in N.J.S.A. 30:1B-6 (outlining the powers and duties of commissioners of state departments, including adopting rules and regulations), 30:1B-10 (the Department of Corrections has the authority to promulgate rules and regulations regarding an assortment of state prison or detention centers.) and 47:1A-1, et seq. (New Jersey's Right to Know Law).  However, the Defendant has not provided either case law or other authority, indicating that N.J.A.C. 10A:22-2.7 was promulgated with litigation in mind.  Chapter 10A:22 of the New Jersey Administrative Code fails to mention any procedure dealing with the release of any type of records to an inmate during the course of litigation.  In fact, the scope of the subchapter is "to establish provisions for: (1) The release and examination of inmate records; (2) The expungement or sealing of inmate records; (3) Requests for government records pursuant to [the New Jersey Right to Know Law]."  N.J.A.C. 10A:22-1.1.  While it is apparent that the regulation exists to ensure the smooth operation of New Jersey's correctional facilities as well as the safety of the medical professionals that provide care for inmates, Defendant Thompson fails to provide any authority that addresses the obvious imbalance of justice that would occur if Plaintiff was unable to

respond to certain points of Defendant's Motion for Summary Judgment because he was barred from viewing the Exhibits.

Additionally, Thompson fails to identify the specific security risk posed by allowing Plaintiff access to these records. The Court notes that the records in issue were written by Thompson while Plaintiff was incarcerated at South Woods State Prison. The Court also notes that Plaintiff is currently housed in Bayside State Prison. Thompson provides no information to the Court regarding the security risk Plaintiff poses to the South Woods State Prison medical staff, while housed in Bayside State Prison.

Thompson also asserts that the records at issue are subject to a consent protective order [Docket Entry No. 94] and therefore cannot be released to Plaintiff. Thompson further argues that "the court is now asking defense counsel to violate the terms of [the] prior court order" and requests "that the court reconsider its August 17th order and allow the March 10th consent protective order signed by Judge Rosen to remain in effect." Brief in Support of Reconsideration at 9. The Court notes, however, that the protective order was not endorsed by Plaintiff. The Court is aware that absent the entry of a protective order, the Department of Corrections would have not released Plaintiff's mental health records for discovery. See Department of Corrections Letter of January 18, 2006 [Docket Entry No. 75]. There is nothing before this Court, however, that supports barring Plaintiff from reviewing his own medical records especially given that the only basis suggested, retaliation against prison medical staff, has been rendered a nullity by Plaintiff's transfer to another prison. Defendants have been given an opportunity to specify why the release of these records to Plaintiff would pose a security risk, but they fail to do so. Thus, there is no information before the Court to support Thompson's contention that providing Plaintiff with the Exhibits would pose a security risk.

Therefore, the Court finds that there are no grounds to grant Defendant's Motion for Reconsideration pursuant to L.Civ.R. 7.1(i).  Local Rule 5.3 was designed to seal documents from public access, not access by other litigants, and N.J.A.C. 10A:22-2.7 was not promulgated as a guide for document handling during litigation.  Additionally, Federal Rule 5(a) expressly requires that all litigants be served with copies of all motion papers.  Furthermore, the Court notes that "[t]he law is clear that presentation of evidence without prior disclosure [to an opposing party] is not permitted as a basis for disposition on the merits." Pack v. Beyer, 157 F.R.D. 219, 222 (D.N.J. 1993) (precluding Defendants' use of privileged material not provided to Plaintiffs at trial or in support of summary judgment motions). Moreover, it is well accepted that "the use of *ex parte* evidence is not permitted." Id. at 222-23 (citing Assoc. for Reduction of Violence v. Hall, 734 F.2d 63 (1st Cir. 1984))[2].

Defendant has failed to make a showing that would warrant reconsideration, and therefore Defendant's Motion for Reconsideration [Docket Entry No.119] is **DENIED**.  Defendant is to provide Plaintiff with copies of all documentation included in support of Defendant's Motion for Summary Judgment, or in the alternative, Thompson may withdraw the documents from his briefing, rely upon the medical summaries which Plaintiff has access to, or produce the documents for Plaintiff's review.

**IT IS SO ORDERED.**

  s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**

---

[2] The Court notes that there is a limited exception to the rule against *ex parte* submissions of evidence articulated in Superintendent v. Hill, 472 U.S. 445, 455 (1985), which is not applicable here.