<u>NOT FOR PUBLICATION</u>                                              [111]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
JOHN STASICKY,                          :
                                        :
               Plaintiff,               :
                                        :          Civil No. 03-369 (FLW)
               v.                       :
                                        :               **OPINION**
SOUTH WOODS STATE PRISON, et al.,       :
                                        :
               Defendants.              :
_____:


<u>**WOLFSON, UNITED STATES DISTRICT JUDGE**</u>

Presently before the Court is a Motion for Summary Judgment by Defendant,

Correctional Medical Services[1] ("CMS").  Plaintiff has not filed opposition to this motion; thus

the Court will consider it unopposed.  The Court has reviewed the moving papers and for the

reasons set forth below, Defendant's Motion for Summary Judgment is granted.


## I. BACKGROUND

Plaintiff is currently incarcerated at South Woods State Prison ("SWSP").  On January

23, 2003, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants

violated his Eight Amendment right to be free from cruel and unusual punishment by failing to

_____

[1]Although Defendants contend that the instant motion was filed on behalf of CMS,
Kaldany, Thompson and Blackwell, the Court understands the motion to be on behalf of CMS
only, as Thompson and Kaldany have moved individually for summary judgment through their
own counsel, and Blackwell was previously dismissed as a Defendant.

protect him from a cell extraction in which Plaintiff alleges he was subjected to the excessive use of force by certain SWSP corrections officers and by failing to protect him from a sexual assault Plaintiff alleges he suffered at the hands of other SWSP corrections officers.

Because the lengthy facts of this case are not in issue in this particular motion, a brief summary of the relevant facts will suffice here. Plaintiff was seen by Dr. Robert G. Thompson on the morning of January 25, 2001 at which time Dr. Thompson authorized the use of force to move plaintiff to the Emergency Care Unit ("ECU").  Dr. Thompson was not an employee of CMS at any time relevant to the case and Plaintiff testified that the only reason he named CMS as a Defendant in this matter was based on the mistaken believe that Dr. Thompson was employed by CMS and that Dr. Kaldany was associated with CMS.  Stasicky Dep., 81:5-16. Indeed, Plaintiff testified about CMS as follows:

> Q: Any problems that you have with CMS that are related to any incident that are the subject of this lawsuit?
>
> A: No, I didn't go for treatment. The only reason CMS specifically is on here is because I believe CMS is the employer or has something to do with Dr. Kaldany and Dr. Thompson. I'm just coming to know now that Dr. Thompson, I think it's Dr. Thompson, doesn't have anything to do with CMS. He's insured or employed by a different agency, which, of course, I would have to then add them to the thing.

On August 16, 2006, CMS filed the instant motion for summary judgment based on Plaintiff's testimony above. Plaintiff has not opposed this motion.

**II. DISCUSSION**

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir.2000). In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," Fed. R. Civ. P. 56(c), and construes all facts and inferences in the light most favorable to the nonmoving party. Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir.2002). The Court's function "at the summary judgment stage... is not... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). To successfully defend against a motion for summary judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Id. at 252.

If a non-movant fails to oppose a motion for summary judgment, Rule 56(e) provides that a court may grant the motion for summary judgment "if appropriate." See, e.g., Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990); see also Damino v. Sony Music Entm't, 975 F. Supp. 623, 627 (D.N.J. 1996). A motion for summary judgment is appropriately granted when that party is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175. When "the non-moving party fails to oppose the motion for summary judgment by written objection, memorandum, affidavits, and other evidence, the Court will accept as true all material facts set forth by the moving party with appropriate record support." Carp v. Internal Revenue Serv., 2002 WL 373448, at *2 (D.N.J. 2002) (internal quotations and

3

citations omitted).  Even if a record contains facts that might provide support for a non-movant's position, "the burden is on the [non-movant], not the court, to cull the record and affirmatively identify genuine, material factual issues sufficient to defeat a motion for summary judgment." Morris v. Orman, 1989 WL 17549, at *8 (E.D.Pa. 1989); see also Atkinson v. City of Phila., 2000 WL 793193, at *5 n.8 (E.D.Pa. 2000).

In the instant matter, Plaintiff has failed to oppose the instant Motion for Summary Judgment. Thus, this Court will accept as true all material facts set forth by Defendant with appropriate record support.  Here, CMS argues that this Court should grant summary judgment in its favor because Dr. Thompson was not an employee of CMS at any relevant time during this case and that no CMS representative had any involvement in the decision to move Plaintiff to ECU.  The Court agrees.

Specifically, CMS contends that it has no connection to the instant matter.  Indeed, CMS attaches the relevant portions of Plaintiff's deposition testimony in which Plaintiff acknowledges that Thompson is not employed by CMS and, more importantly, that the only reason he filed suit against CMS was because he thought that CMS employed Dr. Thompson or Dr.  Kaldany. Indeed, in the absence of any support showing otherwise, the Court will accept as true Defendant's representation that they do not employ Thompson and that they were not otherwise involved in the instant matter.

Moreover, it is well-established that a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  Rode v. Dellarciprete, 845 F. 2d. 1195, 1207 (citing Parratt v. Taylor, 451 U.S. 527, 537 n. 3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082

4

(3d Cir.1976).  Indeed, personal involvement can only be shown through allegations of personal direction or of actual knowledge and acquiescence.  Id. at 1208.  In the instant matter, Plaintiff has conceded that the only reason he named CMS as a Defendant was based on his belief that CMS was the physicians' employer.  Indeed, Plaintiff has not alleged any personal involvement on behalf of CMS nor does anything in the record establish CMS's involvement in the instant matter.  Thus, even if Thompson and/or Kaldany were CMS employees, that alone would not be sufficient to impose liability on CMS.  Rode v. Dellarciprete, 845 F. 2d. at 1207.  Moreover, Plaintiff has conceded that CMS has no connection to this case.  For these reasons, the Court will grant CMS's Motion for Summary Judgment.  An appropriate Order will follow.


Dated: February 28, 2007                              /s/ Freda L. Wolfson
                                                     Honorable Freda L. Wolfson
                                                     United States District Judge

5